# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AIRRION BLAKE-BEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10 C 5246 |
| | ) | |
| COOK COUNTY | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to dismiss. For the reasons stated below, the court grants the motion to dismiss.

## BACKGROUND

Plaintiffs allege that they are Moorish Americans and descendants from individuals who resided in the western part of Africa. Plaintiffs also allege that their "vessels were captured at birth" and that they were given slave titles and were treated as property. (A. Compl. 1). In addition, Plaintiffs allege that Defendant violated their constitutional rights by creating "certificates and records of the Plaintiffs'

1

birth." (A. Compl. 1). According to Plaintiffs, Defendant's acts denationalized them, subjected them to slavery, inflicted cruel and unusual punishment upon them, and have hindered their "rights to travel, land, peace, commerce, government, and freedom." (A. Compl. 1-2). Plaintiffs also allege that Defendant's acts has left them stateless and prevented them from "developing according to [their] historical traditions." (A. Compl. 3). Plaintiffs have also filed an affidavit of fact declaring their Moorish American nationality and denouncing other titles given to them. (DE 38). Plaintiffs allege in their complaint claims for violations of the 13th Amendment prohibition on slavery, violations of the 8th Amendment prohibition on cruel and unusual punishment, and violations of their constitutional right to travel brought pursuant to 42 U.S.C. § 1983 (Section 1983). Plaintiffs seek five billion dollars in damages, liquidation of all assets held under their social security and birth certificate numbers, a court order discharging all of their debts and rescinding all contractual obligations that they entered into during their lifetime, and punitive damages. (A. Compl. 3). Defendant has moved to dismiss the amended complaint.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd.*

*v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.*; *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946 (emphasis in original). For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.,* 322 F.3d at 946.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Since Plaintiffs are proceeding *pro se*, we have liberally construed the amended complaint in assessing the claims that Plaintiffs seek to bring in the instant action. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers"). Defendant argues that Plaintiffs have failed to state a claim upon which relief may be granted and that Plaintiffs have not stated a case or controversy and lack standing.

I. Failure to State a Claim

To state a valid claim under Section 1983, a plaintiff must allege "(1) deprivation of a federal right (2) by a party acting under color of state law." *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004). Although Plaintiffs allege that many acts have been perpetrated against them, the only act that Plaintiffs specifically link to Defendant is the issuance of their birth certificates. Plaintiffs make conclusory allegations that the issuance of birth certificates to Plaintiffs has caused various constitutional deprivations. The court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the Plaintiffs; however, the court need not "accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citation omitted)(internal quotation omitted). Plaintiffs have not alleged any facts to plausibly suggest that any act by Defendant actually deprived Plaintiffs of any constitutional rights. After considering the Plaintiffs' amended complaint in its totality, Plaintiffs have failed to state a valid claim for relief against Defendant.

II. Standing

Defendant also argues that Plaintiffs have not shown that they have standing to bring the instant action. The limitation upon the courts to hear "cases" and

"controversies" under Article III of the federal Constitution "restricts [courts] to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law." *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1148 (2009). In order to establish standing, a plaintiff must show: "(1) an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of . . .; and (3) a favorable decision will likely redress the injury." *United States v. Diekemper*, 604 F.3d 345, 350 (7th Cir. 2010)(internal quotation marks omitted)(quoting *O'Sullivan v. City of Chicago*, 396 F.3d 843, 854 (7th Cir. 2005)); *see also RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010)(stating that "[t]he familiar Article III standing requirements are: (1) an injury in fact; (2) causation; and (3) redressability"); *Brandt v. Village of Winnetka, Ill.*, 612 F.3d 647, 649 (7th Cir. 2010)(stating that "[s]tanding exists when the plaintiff suffers an actual or impending injury, no matter how small; when that injury is caused by the defendant's acts; and when a judicial decision in the plaintiff's favor would redress that injury"). The doctrines of standing and ripeness are derived from the requirements of Article III standing. *See Smith v. Wisconsin Dept. of Agriculture, Trade and Consumer Protection*, 23 F.3d 1134, 1141 (7th Cir. 1994)(stating that the

doctrines "stem from Article III's requirement that federal courts have jurisdiction only over 'cases and controversies'")(stating in addition that "[i]t is sometimes argued that standing is about *who* can sue while ripeness is about *when* they can sue, though it is of course true that if no injury has occurred, the plaintiff can be told either that *she* cannot sue, or that she cannot sue *yet*")(emphasis in original).

Defendant argues that Plaintiffs have not alleged facts that would indicate that Plaintiffs suffered a concrete and particularized injury or that a favorable decision in this action would redress any injury. Defendant also argues that any potential claims asserted by Plaintiffs would not be cognizable under the ripeness doctrine. We have liberally construed the allegations in the amended complaint, since the Plaintiffs are proceeding *pro se*, and we note that Plaintiffs have offered certain historical facts. However, Plaintiffs have not shown any concrete injury or redress to an injury that can be obtained in this action from Defendant. Plaintiffs also contend that Defendant created birth certificates that "created the illusion that [Plaintiffs] were United States citizens." (A. Compl. 1). However Plaintiffs have not shown they were harmed in a concrete and tangible manner, or shown how they can obtain redress in this action for any injury related to the issuance of birth certificates. Plaintiffs also argue that they are a nation and that, like other nations, they should be allowed "time and the freedom to develop culturally, politically, socially, economically, spiritually, etc."

7

(A. Compl. 3). However, plaintiffs have not alleged a basis for a legal action. Plaintiffs have failed to provide facts to indicate that there is any case or controversy between the parties in this case. In addition, although Plaintiffs reference possible "future violations of Plaintiffs['] rights," Plaintiffs have not shown that there is a ripe dispute at this juncture. (A. Compl. 3). Thus, in addition to failing to state a claim upon which relief can be granted, Plaintiffs lack standing to bring the instant action.

## CONCLUSION

Based on the foregoing analysis, the court grants Defendant's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 24, 2011